Allen vs. Bankston, Collector.

---

## ALLEN v. BANKSTON, COLLECTOR.

COUNTY SCRIP: *Right of County Court to cancel.*

The statute authorizing the County Courts to call in county warrants for cancellation and reissuance, is constitutional and the law of the contracts as to warrants issued after the passage of the act, and the holder takes them subject to this power.

SAME: *Notice of order insufficient; scrip not barred.*

When the notice of an order of the County Court calling in warrants for cancellation is published in only one newspaper, the scrip will not be barred by failure of the holder to present it within the time required by the order, though he have actual notice of it. The notice must be given as required by the statute: but presentation of the scrip is a waiver of the insufficiency of the motion.

Allen vs. Bankston, Collector.

APPEAL from *Desha* Circuit Court.

Hon. J. A. WILLIAMS, Circuit Judge.

*Pindall*, for appellant.

ENGLISH, C. J. :

The County Court of Desha county, at its July term, 1876, made an order calling in all county warrants, scrip, jury and witness certificates, etc., previously issued and outstanding, and requiring all holders of such warrants, etc., to present the same at the following January term of the court, to commence on the first Monday of January, 1877, for cancellation, re-issuance, etc., on pain of being forever barred ; and the clerk was required to deliver a copy of the order to the sheriff, to be by him posted and published, as required by law.

A copy of the order was duly furnished by the clerk to the sheriff, who put up copies thereof at the court-house door, and at each election precinct in each township of the county, and published the order in the Pine Bluff *Republican*, a newspaper printed and published at Pine Bluff; but in no other newspaper.

Thomas H. Allen, who resided in Memphis, Tennessee, was the holder of warrants of the county, and some jury and witness certificates, and failed to present them to the County Court within the time prescribed by the order. Shortly before the time expired, he was personally informed by a person who went from Desha county to Memphis, that such an order had been made, and sent over his warrants, etc., but they were too late.

He was the owner of real and personal property in Desha county, which was assessed for the year 1876. On the 3d of March, 1877, he tendered to Isaac Bankston, the collector, the warrants and certificates held by him, in payment of county taxes charged upon his property on the tax book in the hands

of the collector, and they were refused on the ground that they were barred and worthless.

He applied to the Circuit Court of Desha county for a mandamus to compel the collector to receive his warrants and certificates. The collector answered, setting up the order of the County Court calling in the warrants, etc., the posting and publication of the order, etc., and the failure of Allen to present his warrants, etc., within the time prescribed by the order, etc.

The court overruled a demurrer to the answer, and heard the case upon the petition, answer and evidence.

In addition to the facts shown above, it was proven that on the 11th of January, 1877, the County Court made an order declaring that all warrants, etc., not presented within the time prescribed by the order made at the previous July term, were forever barred, etc.

The plaintiff moved the court to make the following declaration of law :

"1. That the publication of the order of the County Court of Desha county of July term, 1876, in one newspaper, was not a sufficient compliance with the provisions of section 615, *Gantt's Dig.*, to affect the plaintiff with notice of said order calling in said scrip for cancellation and re-issue.

"2. That no other character of notice than that prescribed by the statute was sufficient.

"3. That to authorize the order of January 11, 1877, the defendant must prove that the notice required by section 615, had been published in more than one newspaper printed and published in the State of Arkansas.

"4. That the personal notice to plaintiff, attempted to be shown by the testimony of Griffin W. Myers and Jacob Ross, was insufficient to bind said plaintiff, if the notice required by law had not been given."

The court refused to give the declarations numbered 1, 3 and 4, but declared the law to be as stated in declaration number 2.

On motion of defendant the court declared the law to be, "that the publication of said order of July term, as recited in the order of the 11th January, 1877, was sufficient notice to plaintiff of said order."

"The court thereupon found the facts to be that notice of the said order of the July term, 1876, was given by the sheriff of Desha county by posting a copy thereof on the court house door and in each election precinct in said county of Desha for the time required by law, and by advertising the same in the Jefferson *Republican*, a newspaper printed and published in the State of Arkansas, for the time required by law ; but in no other newspaper whatever ; and that plaintiff had personal notice of said order by the information delivered to him by said Griffin W. Myers, as testified by said Myers and alleged in defendant's answer."

The court refused the mandamus and dismissed the petition at plaintiff's costs.

Plaintiff moved for a rehearing, which the court refused, and he took a bill of exceptions, and appealed.

The statute requires the sheriff to give notice to holders of county warrants, etc., of an order of the County Court calling them in, etc., "by putting up at the court house door and at the election precincts in each township of said county, at least thirty days before the time appointed by the order of said court for the presentation of said warrants, a true copy of the order of the court in the premises, and by publishing the same in *newspapers* printed and published in the State of Arkansas, for two weeks in succession, the last insertion to be at least thirty days before the time fixed by said court for the presentation of said warrants." *Gantt's Digest*, Sec. 615, *Act of January* 6, 1851 ; Sec. 2, *Acts of* 1856–7, p. 51.

The order in question was published in but one newspaper. It was not published in *newspapers* (plural) as required by the statute.

The appellant took his warrant subject to the power of the County Court to call them in for cancellation and re-issuance on the public notice prescribed by the statute, which was enacted before the warrants was issued. The statute was constitutional and the law of the contracts. *Parsel* v. *Barnes & Bro.*, 25 Ark., 261.

The warrants were not barred by the order calling them in, because of the failure of appellant to present them within the time fixed in the order, if the sheriff failed to give the public notice as required by the statute.

The statute manifestly requires the order to be published in more than one newspaper, leaving the selection of the papers to the discretion of the sheriff.

The information given to appellant by Myers that the County Court had made an order calling in warrants, amounted to nothing. It was not the notice required by the statute. It was without authority.

Had appellant presented his warrants within the time fixed by the order, and submitted them to the court for examination, cancellation and re-issuance, it would have been a waiver of the insufficiency of the public notice, and had his warrants been rejected he might have appealed.

The judgment must be reversed, and the cause remanded with instructions to the court below to award the mandamus as prayed.